PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ROBERT PALERMO, | ) |
|       Plaintiff, | ) CASE NO. 4:18CV0246 |
| v. | ) JUDGE BENITA Y. PEARSON |
| UNITED STATES OF AMERICA, *et al.*, | ) **MEMORANDUM OF OPINION** |
|       Defendants. | ) **AND ORDER** |
| | ) [Resolving ECF Nos. 3 and 5] |

*Pro Se* Plaintiff Robert Palermo filed this action asserting claims under *Bivens*[1] and the Federal Tort Claims Act against the United States of America, the United States Marshals Service, United States Marshal John Doe, and Defense Attorney Paul J. Vacca, Jr. He was a federal inmate incarcerated at the Northeast Ohio Correctional Center ("NEOCC") at all times relevant to this action. Plaintiff alleges that he was held without a hearing as a pretrial detainee for 21 months in solitary confinement at NEOCC. Complaint (ECF No. 1). He asserts this was a violation of his Fifth, Eighth, and Fourteenth Amendment rights. He seeks monetary relief.

**I. Background**

On April 3, 2013, Plaintiff was charged in the United States District Court for the Western District of New York with two counts of a sex trafficking of children by force, fraud or

---

[1] *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971) provides federal inmates and detainees with a cause of action analogous to 42 U.S.C. § 1983.

(4:18CV0246)

coercion with regard to a minor female. *United States v. Palermo, et al.* (W.D.N.Y. filed July 9, 2013). He was incarcerated in the Monroe County Jail. While those charges were still pending, he was questioned by federal agents regarding an October 31, 2013 murder for hire plot involving the alleged minor female victim in his criminal case. Based on the information they obtained, federal agents transported Plaintiff to NEOCC on November 1, 2013, where he was held in solitary confinement pending trial.

Plaintiff alleges that placement in solitary confinement for 21 months played a role in his decision to enter into a plea deal with the government. When Plaintiff asked why he was being held in solitary confinement, he claims he was told that the Marshals ordered his placement in that unit. He claims his move to Ohio made it difficult for him to communicate with his New York criminal defense attorney. Plaintiff alleges he was not permitted to have telephone calls or visits with family or friends. Although his attorney was able to visit him, he contends the attorney did not do so, and only called Plaintiff one time while he was housed at NEOCC. Plaintiff indicates his attorney did not file motions or obtain discovery. He states that on February 9, 2015, he pled guilty to conspiracy to murder a witness because he feared being in prison for sex trafficking of a minor, and no longer wanted to remain in solitary confinement. He contends he was denied due process and was subjected to cruel and unusual punishment.

## II. Standard for Dismissal

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is

2

(4:18CV0246)

required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). An action has no arguable basis in law when a defendant is immune from suit or when a plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke*, 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). *See also Lawler*, 898 F.2d at 1199.

When determining whether a plaintiff has stated a claim upon which relief can be granted, the court must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plaintiff's obligation to provide the grounds for relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 555. Although a complaint need not contain detailed factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true." *Id.* (citation omitted). The court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

3

(4:18CV0246)

The Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), further explains the "plausibility" requirement, stating that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Furthermore, "[t]he plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). This determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

### III. Law and Analysis

#### A. *Bivens* Claims

Before proceeding to the merits of these claims, the Court must decide whether *Bivens* provides a cause of action in this context. Plaintiff sues the United States, the United States Marshals Service, and his criminal defense attorney. *Bivens* provides a cause of action against individual officers acting under color of federal law alleged to have acted unconstitutionally. *Correctional Services Corp. v. Malesko*, 534 U.S. 61, 70 (2001). It does not support an action against the United States government or any of its agencies, like the Marshals Service. *Id.*; *see F.D.I.C. v. Meyer*, 510 U.S. 471, 484-86 (1994). Similarly, Vaca, a criminal defense attorney, is not considered a federal government official and cannot be sued in a *Bivens* action. *See Polk County v. Dodson*, 454 U.S. 312, 321 (1981) (finding a defense attorney did not qualify as a government actor for purposes of 42 U.S.C. § 1983).

4

(4:18CV0246)

United States Marshal John Doe is an individual federal government officer. In order to state a claim under *Bivens*, however, Plaintiff must allege facts suggesting the individual defendant was personally involved in the alleged deprivation of the plaintiff's constitutional rights. See *Nwaebo v. Hawk-Sawyer*, 83 Fed.Appx. 85, 86 (6th Cir. 2003) (citing *Rizzo v. Goode*, 423 U.S. 362, 373-77 (1976)). Plaintiff alleges only that he was told the Marshals requested his placement in solitary confinement. He does not describe with specificity who this individual marshal is or what he did personally to violate Plaintiff's constitutional rights.

The United States Supreme Court recently clarified that federal courts should refrain from extending *Bivens* outside of the three specific contexts in which it has already been applied, absent the presence of special factors. *Ziglar v. Abbasi*, 137 S.Ct. 1843 (2017). The Constitution does not directly provide for damages for alleged constitutional violations. *Sanders v. Prentice-Hall Corp. Sys., Inc.*, No. 97-6138, 1999 WL 115517 (6th Cir. Feb. 8, 1999). Congress provided a damages remedy for Plaintiffs whose constitutional rights were violated by state officials through 42 U.S.C. § 1983; however, they did not provide a corresponding remedy for constitutional violations by federal officials. In *Bivens*, decided in 1971, the Supreme Court recognized an implied damages action to compensate persons injured by federal officers who violated the Fourth Amendment's prohibition against unreasonable searches and seizures. Since then, the Court allowed *Bivens* remedies in only two other contexts: (1) in a Fifth Amendment gender-discrimination case, *Davis v. Passman*, 442 U.S. 228 (1979); and (2) in an Eighth Amendment Cruel and Unusual Punishments Clause case, *Carlson v. Green*, 446 U.S. 14 (1980).

5

(4:18CV0246)

The Court has not approved of an implied damages remedy under the Constitution itself. *Ziglar, 137 S.Ct. at 1855*.

In the case at bar, Plaintiff asserts due process violations under the Fifth and Fourteenth Amendments and cruel and unusual punishment claims under the Eighth Amendment. While the Supreme Court recognized a *Bivens* claim for violations of the Eighth Amendment, it has not recognized a remedy for denials of due process. Given the Supreme Court's decision in *Ziglar*, this Court will not, in this context presented, imply a damages remedy under *Bivens*.

Furthermore, any claim Plaintiff may have under *Bivens* would be time-barred. A *Bivens* action is governed by the same personal injury statute of limitations that applies to a § 1983 action. *McSurely v. Hutchison*, 823 F.2d 1002, 1005 (6th Cir. 1987). In Ohio cases, the two-year statute of limitations found in Ohio Rev. Code § 2305.10 governs personal injury claims. *Browning v. Pendleton*, 869 F.2d 989, 990 (6th Cir. 1989) (*en banc*). Plaintiff's detention in NEOCC occurred from November 2013 to February 2015. This action was filed on January 19, 2018, well beyond the expiration of the applicable statute of limitations period.

### B. Federal Tort Claims Act

Plaintiff brings also claims under the Federal Tort Claims Act, 28 U.S.C. § 2671, *et seq.* ("FTCA"). The United States, as a sovereign, is immune from suit unless it explicitly waives its immunity. *United States v. Sherwood*, 312 U.S. 584, 590-91 (1941). By enacting the FTCA, Congress waived the United States' sovereign immunity under very limited circumstances for claims against the federal government arising from torts committed by federal employees acting

6

(4:18CV0246)

within the scope of their employment. 28 U.S.C. §§ 1346(b)(1) and 2679(d)(1); *United States v. Orleans*, 425 U.S. 807 (1976). Congress defined the exact terms and conditions upon which the government may be sued and the terms of the United States' consent defines the parameters of federal court jurisdiction to entertain suits brought against the United States. *Id.* at 814; *Honda v. Clark*, 386 U.S. 484, 501 (1967).

The parameters placed on these tort claims dictate that they "shall be forever barred unless . . . presented in writing to the appropriate Federal agency within two years after such claim accrues. . . ." 28 U.S.C. § 2401(b). The timely filing of an administrative claim is a requirement of the FTCA. Exhaustion of administrative remedies under § 2401(b) is a condition of the United States' waiver of immunity, and this Court cannot extend the waiver of immunity beyond what Congress intended. *United States v. Kubrick*, 444 U.S. 111, 118 (1979). Plaintiff gives no indication that he presented this claim to the appropriate federal agency. Therefore, he cannot proceed with a claim under the FTCA.

**C. Leave to Amend and Appointment of Counsel**

In a document filed on June 28, 2018 (ECF No. 5), Plaintiff requests leave to add Corrections Corporation of America ("CCA"), a private corporation that owns and operates NEOCC, as a New Party Defendant. Plaintiff also requests appointment of counsel.

Plaintiff will not be permitted to add CCA as a New Party Defendant because amendment would be futile. *See Bishawi v. Ne. Ohio Corr. Ctr.*, 628 Fed. Appx. 339, 347 (6th Cir. 2014) (citing *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir. 1995)) ("Although a district court may

7

(4:18CV0246)

allow a plaintiff to amend his complaint before entering a sua sponte dismissal, it is not required to do so, *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013), and leave to amend should be denied if the amendment would be futile.").

Assuming *arguendo* that Plaintiff's allegations are sufficient to characterize a constitutional claim(s), he has not alleged a cognizable *Bivens* claim in the case at bar under the Supreme Court's decisions in *Malesko* and *Minneci v. Pollard*, 565 U. S. 118 (2012). In *Malesko*, the Supreme Court held that a private corporation that operates a federal prison cannot be sued for damages under *Bivens*. The Court reasoned that the purpose of *Bivens* is to deter individual federal officials, not entities such as the United States or its agencies, the Bureau of Prisons, or private entities that operate federal prisons, from committing violations of constitutional rights. Accordingly, pursuant to *Malesko*, Plaintiff cannot allege a cognizable federal *Bivens* claim against CCA. *Malesko*, 534 U.S. at 70-74. In addition, Plaintiff cannot proceed with a claim under the FTCA against CCA because he apparently failed to satisfy the FTCA's exhaustion requirement and any tort claim submitted now would be untimely.

Finally, it is well-settled that although a criminal defendant has a Constitutional right to representation even if the defendant cannot afford counsel, there is no similar right to counsel in civil litigation. *Lavado v. Keohane*, 992 F.2d 601, 605-06 (6th Cir. 1993).

### IV. Conclusion

Accordingly, this action is dismissed pursuant to 28 U.S.C. § 1915(e). Plaintiff's request for leave to add CCA as a New Party Defendant (ECF No. 5) is denied as futile. Plaintiff's

8

(4:18CV0246)

request for appointment of counsel (ECF No. 5) is denied because Plaintiff's claims are dismissed.  Plaintiff's *Ex Parte* Motion to Appoint Marshal to Serve Summons and Complaint (ECF No. 3) is denied as moot.  The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

    IT IS SO ORDERED.

| | |
|---|---|
|    July 31, 2018 |   */s/ Benita Y. Pearson* |
| Date | Benita Y. Pearson |
| | United States District Judge |